# In the United States Court of Federal Claims

No. 24-455
(Filed: March 29, 2024)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * *   *
                                    *
ASHLEY KELLETT, ET AL.,             *
                                    *
                  Plaintiffs,       *
                                    *
        v.                          *
                                    *
THE LOUISIANA DEPARTMENT            *
OF CHILD AND FAMILY SERVICES,       *
ET AL.,                             *
                                    *
                  Defendant.        *
                                    *
* * * * * * * * * * * * * * * * *   *
```

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed this case on March 20, 2024, seeking reversal of a Louisiana state court's order that deprived Plaintiff Ashley Kellett custody of her children. ECF No. 1 at 1–3. Plaintiffs seek relief against the state of Louisiana and several of its officials for "continuing retaliation" in the form of a "permanent injunction against [their] First Amendment right[s] . . . without even so much as a hearing." *Id.* at 1. In the process, Louisiana allegedly placed Plaintiff Kellett's "disabled son" in a "mental health care facility" and forced him to sign "a piece of paper stating [that] he would not speak to any family members." *Id.* at 2.

Unfortunately for Plaintiffs, this Court can hear only claims against the United States. RCFC 10(a) (stating that "the United States [must be] designated as the party defendant"); *Perry v. United States*, 149 Fed. Cl. 1, 15 (2020), *aff'd*, No. 2020-2084, 2021 WL 2935075 (Fed. Cir. July 13, 2021) (stating that, in the Court of Federal Claims, "the United States must [not only] be included as a party defendant, but also . . . must be the sole defendant named in the complaint."); *Kemp v. United States*, 124 Fed. Cl. 387, 392–93 (2015) ("The *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). The Tucker Act, this Court's primary source of jurisdiction, makes this clear: "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added); *see also Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal

agencies, this court has no jurisdiction to hear those allegations.").

Plaintiffs list only organs of the state of Louisiana and their officials as the defendants in this case and only raises claims against them.  *See* ECF No. 1 at 1 ("Due to the continuing retaliation of [] the state of Louisiana and its political officials and agencies . . . [Plaintiff Ashley Kellett's] First Amendment right was unlawfully taken away . . . ."); *see also* ECF No. 1-1 at 1.  If this were not clear enough, they premise liability upon 42 U.S.C. § 1983, ECF No. 1 at 1, which authorizes suit against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any *State or Territory or the District of Columbia*" deprives a citizen of his or her rights, 42 U.S.C. § 1983 (emphasis added).  Section 1983, like the allegations of the complaint, does not apply to the federal government or its officials.

Accordingly, because of the lack jurisdiction over Plaintiffs' claims, the Court hereby **DISMISSES** Plaintiffs' complaint.  *See* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers  
Zachary N. Somers  
Judge