# In the United States Court of Federal Claims

No. 24-455
(Filed: June 4, 2024)

```
* * * * * * * * * * * * * * * * **   *
                                     *
ASHLEY KELLETT, ET AL.,              *
                                     *
                    Plaintiffs,      *
                                     *
        v.                           *
                                     *
THE UNITED STATES,                   *
                                     *
                    Defendant.       *
                                     *
   * * * * * * * * * * * * * * * *   *
```

### MEMORANDUM OPINION

On April 8, 2024, Plaintiffs moved for the Court to reconsider its March 29, 2024, memorandum opinion and order dismissing their case for lack of subject matter jurisdiction. *See* ECF No. 8. As explained in the Court's dismissal order, the Court dismissed Plaintiffs' case because it "can hear only claims against the United States," and the face of Plaintiffs' complaint and attached exhibit did not describe any claims against the United States within the Court's jurisdiction. ECF No. 6 at 1; *see also* ECF No. 1-1 at 1 (listing "the [Louisiana] Department of Children and Family Services, Terri Ricks, individually, while operating in her official capacity, Governor John Bel Edwards, individually and operating in his official capacity, Livingston Parish School Board," but notably not the United States, as defendants). The Court's dismissal order listed the United States as the defendant only because the Clerk of the Court changed the defendant's name to the United States to comply with the Court's rules.[1] *See* ECF No. 3 at 1 n.2 (stating that, as "the complaint in this action . . . named as the defendant(s) a party (parties) other than the United States, the case caption has been modified to identify the United States as the sole defendant. This modification has been made to conform the caption to the Rules of the United States Court of Federal Claims, which make clear that in this court only the United States can be named as the party defendant. *See* [Rules of the United States Court of Federal Claims 4(a) and 10(a).]"); ECF No. 6 at 2 n.1 (explaining the same).

Federal courts do not often grant motions for reconsideration because the moving party must make a "showing of extraordinary circumstances" to justify doing so. *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999). Even if a party makes such a showing, however, "[t]he decision whether to grant reconsideration lies largely within the discretion" of

---

[1] Though the Court's original order listed Plaintiffs' original defendants, the Court corrected it subsequently to list the United States as the sole defendant despite the obvious thrust of Plaintiffs' complaint.

the Court. *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). The Court must exercise its discretion based upon the principle that "[r]econsideration of a judgment is not intended to permit a party to retry the allegations included in plaintiff's complaint when it previously was afforded a full and fair opportunity to do so." *Hymas v. United States*, 141 Fed. Cl. 735, 738 (2019) (citing cases). For this reason, the Court "will not grant a motion for reconsideration if the movant 'merely reasserts . . . arguments previously made[,] . . . all of which were carefully considered by the court.'" *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002) (emphasis omitted) (quoting *Principal Mut. Life Ins. Co. v. United States*, 29 Fed. Cl. 157, 164 (1993), *aff'd*, 50 F.3d 1021 (Fed. Cir. 1995)).

Rules 59 and 60 of Rules of the United States Court of Federal Claims ("RCFC") describe the circumstances under which reconsideration of a judgment is permitted. RCFC 59 states that this Court may grant reconsideration "for any reason for which a new trial has heretofore been granted in an action at law in federal court[,] for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court[,] [or] upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States." RCFC 59(a)(1)(A–C). Similarly, the Court may relieve a party from a final judgment under RCFC 60(b) because of "mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b); fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [if] the judgment is void; the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or any other reason that justifies relief." RCFC 60(b)(1–6).

RCFC 59 and 60 reflect the broad discretion afforded the trial judge in choosing to grant a motion for reconsideration. Summarizing these provisions and the case law interpreting them, the Federal Circuit has observed that the "three primary grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010) (internal quotations omitted); *see also Parsons ex rel. Linmar Prop. Mgmt. Tr. v. United States*, 174 F. App'x 561, 563 (Fed. Cir. 2006) (listing the same grounds for reconsideration under RCFC 59). While these examples do not exhaust the situations in which the Court may reconsider a judgment, movant parties must cite extraordinary reasons to justify such a departure from past practice.

Plaintiffs' sixty-seven page motion for reconsideration does not meet this high standard and further illustrates why the Court acted swiftly to dismiss their case. Plaintiffs' motion for reconsideration incorrectly describes their case as alleging "claim[s] for damages and injunctive relief against the defendant, the United States of America, for violating [their] constitutional rights." ECF No. 8 at 1. The motion states later that the constitutional rights at issue involved "due process violations," *id.* at 65, related to the "First, Fourth, Fifth, and Sixth amendments," *id.* at 57. Even if the Court ignored all the sections of the Plaintiffs' complaint that clearly sought damages and injunctive relief against parties other than the federal government, the Court would still lack jurisdiction over the case because this Court has no jurisdiction over claims for either injunctive or monetary relief based on the constitutional provisions they cite. *Crocker v. United*

*States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997) ("The Court of Federal Claims correctly concluded that it does not have jurisdiction to hear Crocker's due process or seizure claims under the Fifth Amendment to the United States Constitution.") (citations omitted); *Hood v. United States*, 127 Fed. Cl. 192, 210, *aff'd*, 659 F. App'x 655 (Fed. Cir. 2016) ("The First Amendment to the United States Constitution, standing alone or otherwise, cannot be interpreted to require the payment of money for an alleged violation, and, therefore, does not provide an independent basis for jurisdiction in this court.") (citations omitted); *Smith v. United States*, 36 F. App'x 444, 446 (Fed. Cir. 2002) (stating that the plaintiff "alleges violations of his Sixth . . . Amendment rights," and that "[t]he Court of Federal Claims similarly lacks jurisdiction for these claims") (citations omitted).  As the dismissal order explained, however, these claims were obviously not the basis of Plaintiffs' complaint: "they premise liability upon 42 U.S.C. § 1983, ECF No. 1 at 1, which authorizes suit against '[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any *State or Territory or the District of Columbia*' deprives a citizen of his or her rights, 42 U.S.C. § 1983 (emphasis added).  Section 1983, like the allegations of the complaint, does not apply to the federal government or its officials."  ECF No. 6 at 2.  Merely changing the defendant's name to the United States does not alter the state-based nature of Plaintiffs' claims.

Plaintiffs argue further in their motion that this Court has jurisdiction over their claims because they "alleged a valid implied-in-fact contract with the United States, based on the defendant's promise to respect [their] constitutional rights in exchange for [Plaintiff Ashley Kellett's] cooperation as a witness in a criminal case."  ECF No. 8 at 62.  This allegation does not appear in their complaint; the "Statement of the Claim" describes only charges against Louisiana and its officials for conspiracy to violate Plaintiffs' constitutional rights.  ECF No. 1 at 2.  Even after combing through the complaint's one hundred and eight-page exhibit, the Court could not find any obvious reference to the alleged implied-in-fact contract Plaintiffs describe.  The exhibit is, instead, consistent with the complaint's statement of the case because it is a long-winded list of grievances against Louisiana officials and perceived inadequacies in state court procedure.  *See generally* ECF No. 1-1.  If Plaintiffs did allege the existence of such a contract in their complaint and attached exhibit, they should have cited to the location of this allegation in their motion for reconsideration.  *See Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001) ("The petitioner . . . bears the burden of proving that the Court of Federal Claims possessed jurisdiction over his complaint.").

Plaintiffs suggest that they should be permitted to amend their complaint to remedy this error.  They contend that they have "[e]vidence that . . . [they were] not given the opportunity to submit at the time of the motion to dismiss which supports [their] claim for damages, monetary, punitive, compensatory, and injunctive relief," including a "copy of a letter from the Department of Justice to the Plaintiff[s]" which indicates the existence of the implied-in-fact contract they describe.  ECF No. 8 at 64–65.  If they had such evidence, however, they should have included it in their initial complaint.  This alleged evidence is not "previously unavailable evidence" that justifies reconsideration of a previously closed case because it has nothing to do with the allegations in the original complaint, which focus exclusively on state-level officials in Louisiana despite the Clerk of the Court's decision to change the defendant to the United States.  *Parsons ex rel. Linmar Prop. Mgmt. Tr.*, 174 F. App'x at 563.  If this evidence is truly available, the

proper action is to refile the case with the proper claims against the United States.  As the Court dismissed the Plaintiffs' complaint without prejudice, they can do just that without penalty.

Finally, Plaintiffs take umbrage in their motion at the swiftness with which the Court dismissed their complaint.  They argue the fact that the Court "pulled [Plaintiffs'] case after the case had only been accepted a few days prior" indicates that it did so "to falsely support the judgment."  ECF No. 8 at 24.  Not so.  This Court's rules state that "[i]f [it] determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  RCFC 12(h)(3). The Court did just that when it first read Plaintiffs' complaint.

For the foregoing reasons, the Plaintiffs' motion for reconsideration is **DENIED**. Plaintiffs' complaint and the exhibit attached thereto are obviously not tied to claims against the United States and are, therefore, not within this Court's jurisdiction.  Plaintiffs' attempts to state a claim within the Court's jurisdiction in their motion for reconsideration are too little, too late.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge